IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JIMITA RACHEL DIXON-THOMPSON, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-16-761
:
SCI-MUNCY, :
: (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Jimita Rachel Dixon-Thompson, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy). Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

Named as Respondent is SCI-Muncy.[1] Petitioner states that she plead nolo contendere to charges of aggravated assault, terroristic threats, and simple assault in the Erie County, Pennsylvania Court of Common Pleas. See Doc. 1, ¶¶ 1-5. Dixon-Thompson indicates that she is presently serving a three (3) to six (6) year term of imprisonment which was imposed on February

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, the SCI-Muncy Warden. See 28 U.S.C. § 2242.

1

14, 2011.

Ground One of the petition appears to contend that Petitioner is entitled to immediate release because two SCI-Muncy correctional officials have subjected her to verbal, physical, and sexual abuse. Included in those allegations are assertions that Petitioner has been brainwashed, a tracking device was placed in her vagina, and a projected lens was placed in her eyes. There is also a vague contention by Petitioner that her counsel at sentencing lost his law license.[2]

Ground Two challenges the legality of her sentence. Specifically, it contends that Petitioner "was sentenced outside the point system" and also what appears to be a claim that her sentence is being improperly calculated. See id. at p. 6. She also appears to argue that her prosecution was tainted because it was started by an individual whom she filed a protection from abuse order against. As relief, Petitioner seeks a pardon, her release, or a reduction of her sentence to time served. See id. at p. 14.

### Discussion

#### Civil Rights Claims

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475

---

[2] This Court offers no opinion as to the merits of Petitioner's allegations.

(1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

As noted above, included in the Petition are assertions that Petitioner was subjected to verbal, physical, and sexual abuse and threats by correctional staff at SCI-Muncy. Allegations of this type even if proven would not necessarily impact the fact or duration of Dixon-Thompson's ongoing state sentence. As such, they are not properly asserted in a federal habeas corpus action and will be dismissed without prejudice.

**State Court Plea and Sentence**

With respect to Petitioner's challenges to the legality of her nolo contendere plea and resulting sentence, as well as any requests for termination or reduction of her ongoing Pennsylvania state sentence, a § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such

3

> district courts shall have concurrent
> jurisdiction to entertain the application.
> The district court for the district wherein
> such an application is filed in the exercise
> of its discretion and in furtherance of
> justice may transfer the application to the
> other district court for hearing and
> determination.

Dixon-Thompson is partially attacking the legality of a plea and sentence which were entered in the Erie County Court of Common Pleas, which is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the sentencing court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Western District of Pennsylvania, it would be prudent to transfer the remaining portion of this action to the Western District. An appropriate Order will

enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: MAY 17th, 2016