IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JIMITA RACHEL DIXON-THOMPSON, )
      Petitioner, ) Civil Action No. 16-110 Erie
       )
      v. ) District Judge
       ) Magistrate Judge Susan Paradise Baxter
JOHN WETZEL, et al., )
      Respondents. )

# **OPINION**[1]

Presently before the Court is an amended petition for a writ of habeas corpus filed by state prisoner Jimita Rachel Dixon-Thompson (the "Petitioner"). [ECF No. 10]. For the reasons set forth below, the petition is dismissed and a certificate of appealability is denied.

## I.

On February 14, 2011, the Court of Common Pleas of Erie County sentenced the Petitioner to a maximum term of six years of incarceration. The Petitioner was denied parole on November 12, 2013, February 9, 2015, and again on September 24, 2015. According to the Respondents, she is scheduled to be reviewed for parole in or after September 2016.

The Petitioner, who at the time was confined in the State Correctional Institution ("SCI") in Muncy, Pennsylvania, commenced this action in May 2016 by filing a habeas petition pursuant to 28 U.S.C. § 2254.[2] In an Order dated May 31, 2016 [ECF No. 9], this Court advised the Petitioner that,

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]     The Petitioner filed this action in the United States District Court for the Middle District of Pennsylvania, which was the district court located within her district of confinement. "An action under § 2254 may be filed in either 'the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him.' In such a case, each court has concurrent jurisdiction, and each court is authorized to transfer such cases from one to the other. 28 U.S.C.A. § 2241(d)." BRIAN R. MEANS, Federal Habeas Manual § 1:102, WestlawNext (database updated May 2016). When a state prisoner is challenging the validity of his or her underlying

1

after having reviewed the allegations that she raised in her original petition, it was unclear whether she is challenging her underlying judgment of sentence or whether her complaint is with the decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny her parole. Therefore, in accordance with Local Rule 2254.B.2, the Court provided the Petitioner with a copy of the standard form entitled <u>Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody</u> and directed her to file it as an amended petition. The Court explained that if the Petitioner is challenging her underlying judgment of sentence, she must set forth in her amended petition the grounds upon which she claims that her judgment of sentence was imposed in violation of her federal constitutional rights. If she instead is challenging the decision to deny her parole, the Court directed her to: (1) set forth in her amended petition the grounds upon which she claims that decision violated her federal constitutional rights; and (2) name the Board as one of the Respondents in this action.

The Petitioner filed her amended petition on or around June 15, 2016. [ECF No. 10]. She named the Board as a Respondent and explained that she is challenging the Board's decision to deny her parole.

On July 12, 2016, the Respondents filed their Answer. [ECF No. 13]. They contend that the Court must dismiss this case because the Petitioner is already litigating a virtually identical challenge to her parole denial in a habeas action pending before the Middle District Court at <u>Dixon v. Wetzel, et al.</u>, No. 3:16-cv-760 (M.D. Pa.). The Petitioner did not file a reply. <u>See</u> LCvR2254(E)(2) ("the petitioner may file a Reply … within 30 days of the date the respondent files its Answer.").

---

judgment of sentence, it is the agreed practice of the federal district courts in Pennsylvania to transfer habeas petitions filed in their respective districts to the district within which the state court that imposed the judgment of sentence is located. The claims that the Petitioner raised in her original petition were difficult to decipher and the Middle District Court, operating under the assumption that she was challenging her underlying judgement of sentence, transferred this action to this Court because Erie County is located within the territorial boundaries of the Western District. In her amended petition, the Petitioner clarified that she is challenging the denial of parole.

## II.

The Respondents are correct that, because the Petitioner is already litigating a challenge to the denial of parole in a habeas action before the Middle District Court, this case must be dismissed as duplicative and unnecessary. The Petitioner has no right to litigate habeas actions that are the same in all relevant respects before two different district courts. Because jurists of reason would not find this Court's decision to dismiss this duplicative action to be debatable, a certificate of appealability is denied as well. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484(2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

An appropriate Order is attached.

September 13, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMITA RACHEL DIXON-THOMPSON, | ) | |
| Petitioner, | ) | Civil Action No. 16-110 Erie |
| | ) | |
| v. | ) | District Judge |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JOHN WETZEL, et al., | ) | |
| Respondents. | ) | |

## **ORDER**

AND NOW, this 13th day of September, 2016, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED on all claims. The Clerk of Court shall mark this case CLOSED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record